.J. B. SELDERS, Respondent, v. THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1885.

1. EVIDENCE—AUTHENTICITY OF STATUTES.—The first volume of the Revised Statutes of 1879 is duly certified to by the secretary of

state.  That certificate is *prima facie* evidence of the statutes contained therein.  The fact that section 2839 of said Revised Statutes, as amended, is not found in the printed session acts for 1879 does not rebut the *prima facie* case made by the secretary of state.

2.  FENCES—ERECTING OR MAINTAINING—CASE ADJUDGED.—In this case, at the time of the erection of the fence, the old bed of the creek was full of water, and such was the case for some time afterwards, but when the water by absorption and evaporation disappeared, the space between the bottom wire and the bed of the creek occurred, leaving an opening sufficient to admit cattle. *Held*, under these facts there was a failure to *erect*, rather than to *maintain*, a lawful fence at that point.

APPEAL from Barton Circuit Court, HON. CHARLES G. BURTON, Judge.

*Affirmed.*

Statement of case by the court.

This action was begun before a justice of the peace, in Lamar township, Barton county, for the recovery of damages on account of the killing of a heifer, in Central township, in said county, adjoining said Lamar township.  This action is based upon the defendant's failure to erect a lawful fence along its railroad track, where the heifer got upon the same, etc.  From a judgment by the justice against it the defendant appealed to the circuit court.  The evidence showed that Central township, adjoins Lamar township, and that the heifer was killed by defendant in said Central township.  The evidence tended to prove all the material averments in the statement.

The court of its own motion gave the following instruction:  "The court instructs the jury that if you shall believe from the evidence that the defendant constructed his fences across the old bed of the creek, testified to by witnesses, so that a cow could ordinarily or readily pass under the fence and that by reason of such construction of the fence, plaintiff's cow passed under the fence and got upon defendant's railroad track and was struck and killed by defendant's engine or

train, you will find for the plaintiff in the sum of thirty dollars ($30.00). You are the sole judges of the credibility of witnesses and of the weight to be given their testimony," etc., etc. We again say that there was abundant evidence to support that instruction.

WALLACE PRATT and I. P. DANA, for the appellant.

I. The law by which jurisdiction was sought to be acquired in this action is invalid. Mo. Const. 1875, Art. IV., sects. 34–41; Acts 1879, pp. 211, 213, sects. 2, 3, 8, 9, 16; Gen. Stat. Mo. 697, sects. 3, 6; 2 Wag. Mo. Stat. 803, 810, sects. 3, 8, 9; Acts 1874, 125; Rev. Stat. 1879, sects. 2835 and 2839.

II. The record fails to show that the justice had jurisdiction. The jurisdiction of inferior courts will not be presumed. *State v. Metzger*, 26 Mo. 65; *McCloon v. Beattie*, 45 Mo. 391; *Matson v. R. R. Co.*, 80 Mo. 229. Such courts can only exercise the jurisdiction conferred upon them by statute. *Dillard v. R. R. Co.*, 58 Mo. 69.

III. Defendant's motion for non-suit should have been sustained, as there was no evidence to support an allegation of petition, proof of which was necessary to entitle plaintiff to recover. *Ridenour v. R. R. Co.*, 81 Mo. 227; Hilliard on New Trials (2 Ed.) sect. 77; *King v. R. R. Co.*, 79 Mo. 328.

IV. A railroad company having once erected lawful fences, is required to use only ordinary care to keep such fences in repair, and is liable only for neglect of duty, and not as an insurer for a temporary defect in the fence. *Vineyard v. R. R.*, 80 Mo. 92; *Case v. R. R.*, 75 Mo. 670; *Goddard v. R. R.*, 54 Wis. 548. And plaintiff must show knowledge of defect and negligence in repairing to recover. *Clardy v. R. R.*, 73 Mo. 577; *Fitterling v. R. R.*, 79 Mo. 504.

V. The court erred in giving and refusing instructions and the verdict was contrary to the law and evidence.

BULER & TIMMONDS, for the respondent.

I. The justice of the peace had jurisdiction. Rev. Stat. (1879) sect 2839; *Fitterling v. R. R. Co.*, 79 Mo. 504. The record shows jurisdiction and plaintiff's statement is full and complete on this point.

II. Defendants motion for a non-suit was properly overruled. The evidence was abundant in support of every allegation of plaintiff's petition.

III. Defendant had never erected a lawful fence at the place where the cow got on the track and was killed. Rev. Stat., sects. 809, 5651, 5652. This is not a suit for damages on account of fences getting out of repair.

IV. The trial court did not err in giving or refusing instructions and the verdict is in accordance with the law and the evidence.

## I.

HALL, J.—The defendant asks for a reversal of the judgment in this case, because the fifth clause of section 2839 of the Revised Statutes, which says that such actions as the present "shall be brought before a justice of the peace of the township in which the injury happened or any adjoining township," has never been enacted by the legislature; and that if it has been so enacted that the amendment contained in it has not been made in the manner required by the constitution.

The section of the statutes with the clause above quoted appears for the first time, it is true, in the first volume of the Revised Statutes of 1879. That volume is duly certified to by the secretary of state. That certificate is *prima facie* evidence of such statute.

The fact that the above section with that clause is not found in the printed session acts for 1879 does not rebut the *prima facie* case made by the certificate of the secretary of state. The defendant has not pointed out the manner in which the amendment contained in the section fails to comply with the constitution. It is suffi-

cient, perhaps, to say that we have no jurisdiction to pass upon a question involving the construction of the constitution of this state.

## II.

The defendant complains that there was no evidence of the fact that the heifer was killed in Central township. As to this the defendant is in error. The record in this case shows that the plaintiff testified to that fact.

## III.

The defendant contends that there was a total failure of proof that the defendant did not erect a lawful fence at the point on its railroad track in question. The defendant claims that the evidence, if it showed anything showed a failure on the part of it to maintain such fence. At the time of the erection of the fence the "old bed of the creek" was full of water, and such was the case for some time afterwards; but when the water, by absorption and evaporation, disappeared, the space between the bottom wire and the bed of the creek occurred. We think that the trial court properly held under these facts that there was a failure to erect rather than to maintain a lawful fence at that point.

The judgment is affirmed. All concur.